**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant,**

v.

**LOETHEN AMUSEMENT, INC., and The Administrative Hearing Commission of Missouri, Respondents.**

**No. WD 39956.**

Missouri Court of Appeals, Western District.

July 12, 1988.

varied locations, which included arcades, laundromats, and restaurants. Loethen retained operation of amusement machines/devices in local taverns. As a result of ceasing part of its operations, Loethen entered into an agreement with one Gerald Moore, which culminated in the sale of a number of these amusement machines/devices. Evidence of this sale is reflected in a Bill of Sale executed March 8, 1983. The sale price was $75,000.00. The parties to the sale were, as noted, Loethen and Moore, and Loethen executed a certificate of exemption. The Director contacted Moore regarding sales taxes and was presented with the certificate of exemption. The Director excluded the $75,000.00 from Moore's tax assessment and then confronted Loethen about the tax due on the machines. Loethen and Moore then executed affidavits (Loethen on April 19, 1985 and Moore on April 17, 1985) stating that the certificate of exemption was not applicable to the $75,000.00. These affidavits also included statements declaring that the sale was for Loethen's business of operating the machines/devices at various eating establishments, laundromats, and similar places. The Director then assessed the tax on the $75,000.00 against Loethen.

On January 28, 1986, Loethen filed a complaint against the Director, alleging an invalid assessment of tax in the sum of $4,307.99. The complaint was heard by the Commission. During this hearing, Loethen and Moore were permitted, without objection, to testify that their agreement (oral) was for the sale and purchase of a portion of Loethen's business and that Loethen had decided upon a partial liquidation of his business which culminated in the $75,000.00 transaction.

From the evidence, the Hearing Commissioner concluded that the value of the machines/devices that were the subject of the Bill of Sale was $7,625.00, and further concluded that sum was the basis or value for the assessment of any sales tax.

In his conclusion of law, the Commissioner noted:

It is rather apparent that Petitioner's entire case in this regard was objectiona-

William L. Webster, Atty. Gen., Richard L. Weiler, Asst. Atty. Gen., Jefferson City, for appellant.

Robert L. Hyder of Hyder, Prenger, Bratten, Jefferson City, for respondents.

Before MANFORD, P.J., and TURNAGE and COVINGTON, JJ.

MANFORD, Presiding Judge.

This is a review of a decision of the Missouri Administrative Hearing Commission and is before this court under a Petition for Judicial Review, filed pursuant to § 621.189, RSMo 1986. The decision of the Administrative Commission is affirmed.

The appellant, Missouri Director of Revenue, hereinafter the Director, presents to this court a sole point which, in summary, charges that the Missouri Administrative Hearing Commission, hereinafter Commission, erred as a matter of law in reducing the amount of sales tax claimed due by the Director because the Commission's decision was based upon oral testimony and affidavits which varied the terms of a bill of sale unambiguous on its face, thus violating the parol evidence rule.

The pertinent facts are as follows:

Respondent Loethen Amusement, Inc., hereinafter Loethen, through its owner, Mark Loethen, sought, for business reasons, to cease ownership and operation of certain amusement machines/devices in

ble under the Parol Evidence Rule, prohibiting the clear and unambiguous terms of a written agreement (like Exhibit C) from being varied or altered by evidence of contemporaneous oral agreements or understandings of the parties. No such objection was interposed at hearing, nor was Petitioner's further evidence of a different and lower sales price of the property portion of the transaction ever objected to or contradicted. Such failure to object waives Respondents' *reliance upon 12 CSR 10–3.168, requiring "documentation on audit,"* a requirement apparently broad enough in practice to allow such information to be submitted after audit by affidavit (See Tr. 46–47; Finding of Fact 6) or, as was done, at a hearing of the cause before this Commission. (Finding of fact 4.)

The Commissioner then ordered that the Director's original assessment be set aside in part and be reduced to an amount equal to state and local sales tax on the sum of $7,625.00 in gross receipts plus interest and penalty from the due date.

From the decision and order, the Director brought the matter to this court by its petition for review.

It is obvious from the record that the assessment made by the Director was upon the sum of $75,000.00, reflected by the Bill of Sale. It is also obvious that the Bill of Sale is unambiguous on its face.

What occurred during the hearing before the Commissioner was the introduction of parol and extrinsic evidence for the express purpose of amending or modifying the Bill of Sale.

Disposition of this case turns upon the fact that the Director of Revenue was not a party to the Bill of Sale, nor was the Director in privy with the parties to the Bill of Sale. The Director cannot invoke the parol evidence rule under the facts and circumstances of the present case. *Nieman v. First National Bank of Joplin,* 420 S.W.2d 20, 22 (Mo.App.1967); *Slinkard v. Lamb Construction Co.,* 286 Mo. 623, 225 S.W. 352 (banc 1920).

Loethen and Moore were at liberty to testify and offer extrinsic evidence to more fully explain the Bill of Sale as party to the agreement and the Director had no standing to invoke the parol evidence rule.

The evidence being otherwise supportive of the decision by the Hearing Commissioner, that decision is in all respects affirmed.

All concur.